SKIFF *et al.* v. CROSS.

1. Sureties: MONEYS IMPROPERLY RECEIVED. C. recovered a judgment against J. W. M.; execution was delivered to H., sheriff, and was levied by H. upon a certain county order; the order was turned over by H. to C.; afterward one D. W. M. recovered against H. and his sureties the amount of the order so delivered. This judgment was paid by the sureties alone: *Held:*

   1. That the sureties can maintain an action directly against C. for the amount of the warrant.

   2. That the sureties could have their joint action to recover said sum.

*Appeal from Jasper District Court.*

FRIDAY, DECEMBER 14.

SURETIES: WHEN THEY MAY JOIN: WHEN JUDGMENT CREDITOR MUST ACCOUNT FOR MONEY IMPROPERLY RECEIVED. —The plaintiffs are the sureties in the official bond of one Hull, former sheriff of Jasper county. The questions made on this appeal arise on demurrer to the petition.

The petition alleges, in substance, the following facts:

That in *March*, 1859, the present defendant (Cross) recovered judgment, in the Jasper county District Court, against one *John* W. Mosier for $3,000. Execution was issued thereon and delivered to one Hull, as sheriff, for service. Hull levied upon a certain county order, dated February 14, 1859, for $209.23. Cross accepted it at par

without sale (Code, § 1914; Rev., §§ 3272, 3322), Hull turning it over to him, and Cross receipting on the execution for the amount.

Afterward one *Daniel* Mosier sued Hull, as sheriff, and *the plaintiffs*, as his official sureties, to recover the amount of the county order so delivered by Hull to Cross; and the said Daniel, in that suit, recovered against Hull and the *plaintiffs* $242 and costs, being the amount of the county order and interest; and this recovery " was obtained for the same identical property so delivered to Cross," and no other. This judgment was, upon appeal, affirmed in the Supreme Court. After its affirmance, execution issued thereon, and the amount thereof " was paid during the months of September, October, November and December, A. D. 1865, by *these plaintiffs* alone, in equal proportions; and plaintiffs have made a demand of the defendant (Cross) for the same, but he neglects and refuses to pay." Wherefore they pray judgment against him.

Defendant's demurrer to this petition was overruled and exceptions duly taken. Judgment passing against defendant he appeals.

The grounds of demurrer, so far as insisted upon in this court, will be found noticed in the opinion.

*Polk & Hubbell* for the appellant.

*Winslow & Lindley* for the appellees.

DILLON, J.—I. The name of the payee of the county orders levied upon by the sheriff, in whose possession it was found, what notice, if any, the defendant or sheriff had of the rights of Daniel Mosier thereto are not stated. (Upon this point see *Allison & Crane* v. *King, ante,* and authorities there cited and statutory provisions there referred to.)

1. SURETIES: moneys improperly received.

As to the legal nature of county orders see *Clark* v. *Des Moines* (19 Iowa, 199), and *Clark* v. *Polk County* (Id., 248).

If the property in the order was really in Daniel Mosier, and if it was not for any reason subject to be levied on or appropriated toward the payment of the defendant's execution against John W. Mosier, and it was nevertheless so levied on or appropriated, Daniel Mosier might (if not cut off by his own laches or if not estopped) have replevied it from Cross or have sued him for its value.

In other words, the right of Cross to the order would not be such as to exempt him from the obligation to surrender it to the real owner or to account to him for its value. Of course, if Cross thus lost it, he could have his judgment revived to that extent. *Vannice* v. *Bergen*, 16 Iowa, 555; *Seevers' Admr.* v. *Hamilton*, 6 Id., 199; *Chambers* v. *Cochran*, 18 Id., 160; Rev. § 3321; *County of Polk* v. *Sypher*, 17 Iowa, 358.

In this appeal, it must be taken to be true that Daniel was the real owner of the order, and that it was not, for any reason, subject to defendant's judgment against John W. We say this must be taken as true, because it is averred that Daniel duly recovered the amount thereof against the sheriff and the plaintiffs as his sureties, and the demurrer does not make the objection that Daniel's ownership of the order, or the facts which show such ownership, or from which it may be deduced, are not sufficiently stated in the petition. We cannot notice objections not made by the demurrer. Now, if Cross would be liable in respect to the order, if he had been proceeded against directly by Daniel Mosier, the owner of it, what good reason can be given why he should not be liable to the plaintiffs? We can discover none. Daniel had his election to go against Cross, or against the sheriff and his sureties. He chose to proceed against the sheriff and his sureties, and

the sureties were compelled to pay him. Is it any greater hardship on Cross to pay the amount of the order to the sureties than it would have been to have paid it directly to Daniel?

Is it not equitable to treat the sureties who have paid to Daniel, as substituted by operation of law to Daniel's right as against Cross? The ground of Cross' liability is, that he has received money to which he has no right or claim, and for which plaintiffs have been compelled to account.

We are of opinion that the first ground of the demurrer was not well taken, viz., that, if plaintiffs have any cause of action, it is against Hull, their principal, and that, if Cross is liable on the facts stated in the petition, he is liable to Hull alone. Why liable to Hull alone? Hull has paid nothing. If Cross should refund to any one, it should be to the plaintiffs, who paid, rather than Hull, who did not.

If, for any reason, this order was subject to defendant's judgment against John W., or if Daniel had unreasonably delayed to assert his claim to it, so that defendant was injured by the subsequent insolvency of his debtor or otherwise, such facts should have been set up by answer. The petition, as to the objections set down against it in the demurrer, was *prima facie* sufficient. We admit that the judgment of Daniel Mosier against the plaintiffs would not conclude Cross, certainly not unless he had been notified of the action, so as to have had an opportunity to have defended it, or to have shown therein that the county order was subject to his judgment. See, on this point, *Gardner* v. *Cole, ante,* and cases cited; *Charles* v. *Hoskins,* 14 Iowa, 471; *S. C.,* 17 Id., 329.

On this branch of the case we remark that, if the objection had been properly made by the demurrer or by motion, we might have been required to hold that Daniel's

ownership of the order and its non-liability to be. subjected to defendant's judgment, were not sufficiently alleged.

II. The next point made by the appellant is, that there is a misjoinder of *parties plaintiff* in this : that if sureties pay money for their principal they cannot have a joint action like the present for the whole amount, but each *must* bring a several action for the amount paid by him.

Our statute provides "that all persons" having an interest in the subject of the action and in obtaining the relief demanded, may be joined as plaintiffs, except where it is otherwise provided in this code." Revision, § 2759 ; and see authorities there cited.

This section clearly authorizes the joinder of the plaintiffs. What good reason can be given why we should hold that each *must* bring a separate action, and thus vex the defendant with several suits instead of one? Under the section quoted the plaintiffs may join; or they might, as heretofore. (see 1 Lead. Cas. in Equity, 3d ed., 165, and cases cited) have brought their separate action each for the amount he paid.

Affirmed.