THE DISTRICT TOWNSHIP OF WHITE OAK ET AL. V. THE DISTRICT
TOWNSHIP OF OSKALOOSA ET AL.

1. **Pleading**: FILING OF AMENDMENT: EFFECT UPON DEMURRER. The
effect of filing an amendment to the petition after a demurrer has been
interposed is to submit to the demurrer.

2. ———: ———: SECOND DEMURRER. If a demurrer be filed to the
amended petition, the first demurrer will be considered waived.

3. ———: PARTIES: OBJECTION TO. In an action against several corpora-
tions defendant, the others cannot demur upon the ground that one of
the defendants, which is not in court, has no corporate existence.

4. ———: ———: PRACTICE. That the several defendants have no com-
munity of interest does not constitute ground of demurrer, but is at
most a misjoinder of parties, to be assailed by motion.

5. ———: ———: NO LEGAL CAPACITY TO SUE. If one of several parties
plaintiff has no legal capacity to sue, the remedy of defendant is by motion
to strike from the petition the name of the party improperly joined.

6. ———: DEMURRER. A demurrer can be properly interposed only when
the party offering it assails therein the legal sufficiency of the entire
count or petition.

*Appeal from Mahaska District Court.*

MONDAY, OCTOBER 23.

THE plaintiff alleges in substance that the District Town-
ship of White Oak and the District Township of Oskaloosa
was each respectively a municipal corporation, duly created
and acting; that about the 22d day of June, 1867, the super-
intendent of schools, with the consent of the respective
boards of directors of said corporations, attached a portion of
Oskaloosa township to the District Township of White Oak,
for school purposes; that the board of directors of White Oak
township levied upon the territory so attached to it taxes for
school purposes for the years 1869, 1870, 1871 and 1872; that
the taxes were paid to the treasurer, and by him paid to the
defendant, the District Township of Oskaloosa; that the sev-
eral sums so paid belonged to and ought to have been paid
over to the plaintiff, the District Township of White Oak;

that in March, 1873, the District Township of White Oak consolidated, and organized into eight independent districts, plaintiffs in this action; in 1873, the defendant, the District Township of Oskaloosa consolidated, and organized into sixteen independent districts, defendants in this action.

The petition contained other averments, which need not be set out.

The plaintiffs pray judgment against the defendants for $1,000, and for further equitable relief. All of the defendants, except the District Township of Oskaloosa, demurred to this petition. The demurrer was sustained, and plaintiffs were given thirty days from the adjournment of the court to elect to stand upon their petition or amend it. Afterward, by an agreement in writing, the time for this election was extended to sixty days from the adjournment of court.

On the 20th day of April, 1875, the plaintiffs filed an amendment to their original petition. This amendment is as follows: "That at the February term, 1875, of this court, the original notice in this cause had not been served on the defendant, the District Township of Oskaloosa, and said defendant made no appearance in said court by attorney or otherwise; that since said term of court due and legal service has been had on said defendant."

Petitioners further state "that at the meeting of the defendant, the District Township of Oskaloosa, referred to in the thirteenth paragraph of the original petition in this case, there was no provision made by the defendant or its board of directors for the payment to the person or corporation entitled thereto of the amount claimed in said original petition or of the amount due your petitioners; that said defendant failed to order or direct that any, or if so which, of the independent districts erected out of said District Township of Oskaloosa should pay said claim due your petitioners, and failed and neglected to perform the duty required of it by law, and that said defendant so failed to perform its duty as aforesaid for the express purpose of preventing your petitioners from receiving the amount justly due them, although a committee of the board of directors comprising said defendant had been

appointed by said defendant for the express purpose of investigating and reporting upon said claim, and said committee did report that said claim, was just, due and unpaid, and that the payment of the same should by said defendant be provided for; that plaintiffs have no plain, speedy and adequate remedy in the ordinary course of the law; that petitioners are personally interested in the claim sued on, and that they sustain and may sustain damage by the non-performance of such duty of said District Township of Oskaloosa to make an equitable division of said claim among said defendant independent districts, and to make an equitable division of the assets and liabilities of said District Township of Oskaloosa; your petitioners, therefore, pray that an order of *mandamus* be made and issued directed to said District Township of Oskaloosa, or its last board of directors, commanding it or them to perform the duty established by this action as owing from and by it, and that said District Township of Oskaloosa or its last board of directors be commanded, as by law required, to act in the matter of making an equitable division of the claim in favor of petitioners among the defendant independent districts named in the original petition; that said District Township of Oskaloosa or its board of directors be commanded, as by law required, and as a duty resulting from an office, to make an equitable division of the claim due petitioners among the several defendant independent districts, and designate what portion of said claim each of said defendant independent districts shall pay; and that said District Township of Oskaloosa be commanded to do such other and further acts in compliance with said order of *mandamus* as are required by law and as shall effectuate equity and justice to petitioners."

Petitioners further pray " that a referee be appointed by this court to ascertain how much may be due of the amount claimed in petition, to whom, and from whom due, and for such other and further relief as petitioners have by their petition and amendment shown themselves entitled to, and as may be in accordance with right and equity."

The defendants filed the following demurrer: " Now come all the defendants in the above entitled cause, except the

defendant, the District Township of Oskaloosa, and demur to the petition of plaintiffs as amended, and assign the following reasons for such demurrer, viz:

" 1.  The petition shows upon its face that there is no such corporation in existence, capable of suing and being sued, as the District Township of Oskaloosa.

" 2.  The petition shows upon its face that the District Township of Oskaloosa has no longer any actual or legal existence, and that the various independent districts named as defendants herein now comprise the same and the whole territory formerly comprised in the said District Township of Oskaloosa.

" 3.  The petition shows upon its face that there can be no cause of action against the District Township of Oskaloosa, nor any suit maintained against it for the reason that there is no such corporation or organization now in existence; and that all of the districts formerly comprising the sub districts of said district township have been converted into, and now constitute, the several and various independent districts named as defendants herein.

" 4.  The petition shows upon its face that the acts which the plaintiffs seek to have done and performed, should have been done and performed, if at all, by the individuals who composed the board of directors of the District Township of Oskaloosa, and said individuals have not been made parties defendant herein, are not before the court, and no writ of *mandamus* can, therefore, issue against them.

" 5.  The petition shows upon its face that the defendant, the District Township of Oskaloosa, as such, had no power or authority, neither was it made by law its right or duty, to do the acts which plaintiffs desire to have done, and, therefore, no writ of *mandamus* ought or should issue against said district township, compelling it to make any provision or an arrangement for the payment of plaintiffs' alleged claim or demand.

" 6.  It appears that the performance of the act or duty which the plaintiffs seek to have enforced and ordered involves necessarily the exercise of judgment and discretion on the part

of those doing said act and duty, and, therefore, no writ of *mandamus* will or ought to issue to compel such performance.

"7. The petition shows that the District Township of White Oak, which is named as one of the plaintiffs, has no legal or actual existence, has no power to sue or be sued, and is, therefore, improperly joined as one of the plaintiffs herein; it also appears from the petition that the several and various independent districts named herein as plaintiffs have no community of interest, or joint interest in prosecuting this action, for the reason that the suit should be prosecuted, if at all, by and in the name of the party or district, or districts to which the said alleged claim was apportioned, assigned or awarded by the old board of directors of the District Township of White Oak, after the sub-districts of said district township had been constituted, separate and independent districts."

The court sustained this demurrer, and, the plaintiffs failing to amend, and standing upon their petition, dismissed the petition as amended, and rendered judgment against plaintiffs for costs.   Plaintiffs appeal.

*Lafferty & Johnson,* for appellants.

*M. E. Cutts,* for appellees.

DAY, J.—I.   Appellees insist that the plaintiffs, by electing to amend their petition, have submitted to the demurrer first filed, and that they cannot now assign as error the action of the court thereon.   This position of appellee we think is correct, and we will adopt it in the further consideration of the case.

*1. PLEADING: filing of amendment: effect upon demurrer.*

II.   Plaintiffs filed an amendment to their petition.   This amendment and the pleading originally filed constitute plaintiff's petition.   This fact appellees recognize in demurring to " the petition of plaintiffs as amended." The second demurrer of defendants assigns specific objections to the petition:   It is a waiver of the original demurrer.   It presents all questions which the appeal submits for our consideration.

*2. ——: ——: second demurrer.*

III. The first three grounds of demurrer are in substance that the District Township of Oskaloosa has no corporate exist-ence, and cannot be sued. This would have been a very good ground of demurrer if interposed by, or on behalf of, the District Township of Oskaloosa. But that district does not appear, and does not join in the demurrer.

*3. ——: par-ties: objection to.*

Surely it can be no ground of defense to the remaining sixteen independent districts, whose corporate existence and legal capacity are not denied, that the District Township of Oskaloosa cannot be sued. Suppose the want of capacity of the District Township of Oskaloosa had not appeared upon the face of the petition. Could the other defendants, whilst admitting their own corporate capacity, defend themselves by showing that their co-defendant, the District Township of Oskaloosa was not a corporation? Manifestly not. The only causes of demurrer admissible are prescribed in the Code, section 2648. The cause here assigned is not one of them. The petition, at the most, contains a misjoinder of parties defendants. Such objection is not ground of demurrer. *Pinckney v. Wallace*, 1 Abbott, 82; *Voorhies v. Baxter*, Id., 44. It can be taken advantage of only by a motion to strike out the name of the party improperly joined. *Dean v. English*, 18 B. M. 136.

IV. The latter part of the seventh ground of demurrer, that the various independent districts have no community of interest, or joint interest, may be disposed of in the same manner. It is not a ground of demurrer. If the fact be as stated there is a misjoinder of parties or of causes of action. The objection must be insisted upon by motion. Code sections 2630, 2632, 2633 and 2634. *Dean v. English*, 18 B. M., 136.

*4. ——: ——: practice.*

V. The first part of the seventh ground of objection is that the petition shows that the District Township of White Oak, which is named as one of the plaintiffs, has no legal or actual existence, and no power to sue or be sued. No objection is made to the legal capacity of the eight independent districts, plaintiffs, to sue. If the improper joinder with plaintiffs of a party who has legal capacity to

*5. ——: ——: no legal capacity to sue.*

sue, does not vitiate a petition as to the other parties, it would seem for reasons at least as cogent that the joinder of a party who has no legal capacity would not have that effect. That the plaintiff has not legal capacity to sue is, and must be, a good ground of demurrer. For we cannot conceive of a party being held legally liable to one who has no legal rights. But it would be difficult to assign a good reason why a party should escape liability to one who has rights, and the capacity to enforce them, simply because he has united with him one who has no rights and no such capacity. The plain and easy remedy in such case is for the defendant to move to strike from the petition the name of the party improperly joined.

VI. The remaining three causes of demurrer, although interposed to the whole petition, yet really affect only that portion of it which asks for a mandamus. They do not go at all to the sufficiency of the petition as it stood before the amendment was filed. That petition, in so far as any objections presented in the demurrer are concerned, states a good cause of action. It would, then, be manifestly improper to sustain a demurrer to the entire petition, simply because a portion of it demanded relief based upon facts improperly pleaded. A demurrer can be properly interposed only, where the party controverts the legal sufficiency of the matter stated in the entire count or petition. *Hayden v. Anderson*, 17 Iowa, 158.

It follows for the various reasons considered that the demurrer was improperly sustained. No other question is properly presented for our consideration.

REVERSED.

SEEVERS, CH. J., having been of counsel, took no part in the decision of this case.