Bort and Baldwin v. Yaw.

---

BORT AND BALDWIN v. YAW.

1. **Pleading**: MISJOINDER OF PARTIES. A joint action cannot be maintained against a common defendant by two parties having distinct and separate causes of action, while neither has any interest in the cause of action of the other.

*Appeal from Delaware District Court.*

FRIDAY, JUNE 15.

These plaintiffs allege that they bought of the defendant two promissory notes, one for the sum of $240.00, executed by James Evart, and one for $51.97, executed by Eden R. Latta;

that the defendant, willfully and fraudulently to cheat and defraud plaintiffs, represented that the makers of the notes were perfectly responsible; that the representations were false, the makers at the time being insolvent; that plaintiffs by reason of said false representations were induced to purchase the notes. A writ of attachment was sued out and levied upon the property of defendant. The evidence being introduced, the court upon motion of defendant dissolved the attachment, for the reason that no order therefor was made by a judge of court. The court also, on motion, dismissed the cause, for the reason that there is a misjoinder of parties plaintiff. The court, thereupon, rendered judgment against plaintiffs for costs. The plaintiffs appeal.

*J. Q. Wing* and *S. G. Van Anda,* for appellants.

*Peters & Heath* and *J. B. Powers,* for appellee.

DAY, CH. J.—The evidence shows the following facts: At the time of the transaction complained of Yaw owed Baldwin for a couple of colts, and was negotiating for the purchase of a colt from Baldwin and also for the purchase of one from the plaintiff Bort. He proposed to turn over the Evart note for the colts and what he owed Baldwin. Whilst the negotiation was pending, Bort proposed to sell to defendant a piano, for $200, and defendant offered him the balance of the Evart note, the Lotta note, and his own note for $91.00. This proposition was accepted. The plaintiff, Baldwin, for his colt and what defendant already owed him, obtained a part interest in the Evart note. The plaintiff, Bort, for his colt and piano, obtained the balance of the Evart note, the Lotta note, and the note of defendant. The trades were made at the same time, but they were wholly distinct. Bort had no interest in Baldwin's trade and Baldwin had no interest in Bort's trade.

It was during these trades that the false and faudulent representations complained of, as to the solvency of the makers of the notes, were made.

This action, it must be observed, is not brought upon either

Bort and Baldwin v. Yaw.

of the notes, but is brought to recover damages sustained by

**1. PLEADING: misjoinder of parties.** the fraudulent representations, whereby plaintiffs were induced to part with their property. There is no pretense that either plaintiff had any interest in the property of the other. The false representations gave each a right to an action for the damages he sustained, but did not give them any right to maintain a joint action. The damages were just as distinct as those arising from slanderous words, at the same time spoken of two persons. See *Hinkle v. Davenport*, 38 Iowa, 355. We have here the union of two separate and distinct causes of action existing in favor of distinct parties, neither having any interest in the cause of the other. It is claimed that under sections 2648, 2650 of the Code the objection, not having been taken by either demurrer or answer, is waived. But this is not a case of defect of parties, as contemplated in section 3648, but a misjoinder of parties. An amendment might have been made by striking out the name of one of the parties, or dismissing the cause of action as to one. *Hinkle v. Davenport, supra.* But this was not done, and both parties stood before the court asking judgment. In *Cogswell v. Murphy*, p. 44, *ante*, it was held that judgments could not be rendered against three defendants, for damages done by their cattle, the proof showing that each defendant owned some of the cattle, and that none of them were jointly owned by the defendants. That was a case in which separate actions should have been brought against the defendants; this is in one in which separate actions should have been brought by the plaintiffs. The principle involved is the same. The court did not err in sustaining the motion to dismiss the cause. The cause being properly dismissed the ruling upon the motion to dismiss the attachment becomes immaterial, and it is not necessary to review it.

AFFIRMED.