INDEPENDENT SCHOOL DISTRICTS, ETC., OF GRAHAM TOWNSHIP,
        v. INDEPENDENT SCHOOL DISTRICT No. 2, ETC.

1. **Parties:** MISJOINDER OF: PRACTICE. A misjoinder of parties is assail-
   able by motion to compel the party in error to elect.

2. ———: ———. Several parties asking relief in different amounts, and
   requiring a distinct and separate judgment to be rendered in favor of
   each, cannot unite in one action against the party from whom the
   relief is sought.

*Appeal from Johnson Circuit Court.*

WEDNESDAY, MARCH 19.

THE plaintiffs are eight independent school districts of Gra-
ham township, Johnson county.   This action was brought to
recover of the defendant, an independent school district in

JUNE TERM, 1879. 323

Ind. School Dists. of Graham Township v. Ind. School Dist. No. 2.

said township, certain sums of money which it is claimed are due the plaintiffs respectively. It is averred that while the organization as a district township existed it was the custom for each sub-district to pay the expense of building its own school-house, and that while it was so organized a school-house was built in said district No. 2, and that the cost thereof was unpaid; that an action was brought therefor against the district township, and judgment was rendered requiring the township to pay such cost, amounting to two hundred and eighty-one dollars and fifty-four cents; that a *mandamus* was issued requiring a tax to be levied upon the entire township to pay said sum, which tax was levied after the organization of the independent districts, and said districts paid their proportionate shares, as follows: Independent district No. 1, $35.35; No. 2, $41.75; No. 3, $21; No. 4, $22.25; No. 5, $33.52; No. 6, $34.32; No. 7, $42.88; No. 8, $26.02; No. 9, $26.80; that it was the duty of said district No. 2 to pay the entire cost of building said school-house, but it has paid only forty-one dollars and seventy-five cents, and refuses to pay to or reimburse the plaintiffs for the amounts paid by them respectively.

Each of the independent districts named as plaintiffs, prayed judgment against defendant for the amounts paid by them respectively.

The defendant filed the following motion:

"1. Defendant moves the court to require the parties plaintiff to elect which of them will proceed and prosecute this action; and—

"2. Moves to strike out all parties except one, and to dismiss said cause as to all except one of said plaintiffs, for the reason that it is shown that each one of said plaintiffs is a separate and independent corporation, and their action or cause of action, if any they have, is to each separate and independent.

"There is a misjoinder of parties."

Afterward the court made the following

### "ORDER.

"It is ordered that the motion be sustained; that plaintiffs have leave to amend, if so advised, by bringing separate suits, if so advised, without service of further notice on defendant; or, if so advised, plaintiffs may amend their petition, uniting as plaintiff asking an accounting and decree against defendant by equitable action."

Plaintiffs excepted, and appeal.

*Younkin & Younkin* and *Geo. B. Edmonds*, for appellants.

*Boal & Jackson*, for appellee.

ROTHROCK, J.—I.  The point is made that a motion is not allowable where there is a misjoinder of parties, and that the petition should have been attacked by demurrer. That a motion is the correct practice, see *Dist. Tp. of White Oak v. Dist. Tp. of Oskaloosa*, 44 Iowa, 512; *King v. King*, 40 Id., 120; *Beckwith et ux. v. Dargets*, 18 Id., 303.

1. PARTIES: misjoinder: practice.

II.  In *Skiff v. Cross*, 21 Iowa, 459, it was held that sureties might properly unite as plaintiffs in an action against their principal to recover money paid for the principal, each surety having paid an equal amount.  In the case at bar the plaintiffs claim in separate and different amounts, not as sureties, but upon an implied contract, equitably arising upon paying that which it is averred the defendant should have paid.  We do not think the plaintiffs can join as plaintiffs even though they should denominate this as an equitable action.  It is purely a law action.  No accounting in equity is necessary.  The action is for the proportionate shares of the judgment which plaintiffs have ascertained and stated, and they demand judgments in specific sums for the several amounts due each district.  This would involve

2. ——: ——.

the rendering of eight judgments in one action. It may also involve as many issues as there are parties plaintiff. We do not think our system of practice contemplates such confusion in the trial of issues as this must necessarily produce.

We are aware that there are some authorities that seem to allow a joinder of plaintiffs where the same results must follow, but we think it better not to allow such rule to prevail in this State. See *Bort & Baldwin v. Yaw*, 46 Iowa, 323.