PHILBRICK & a. v. SHAW.

The right of subrogation does not rest upon contract or privity, but upon principles of natural justice and equity.

A bond of indemnity to an officer is for the protection of his sureties as well as himself.

When the sureties of a deceased deputy sheriff have been compelled to pay for his default in not levying the proper execution, they are entitled in equity to be substituted to his rights against the creditor by whose direction the default was occasioned, and to resort to a bond taken by him from the creditor as an indemnity against the consequences of such default.

IN EQUITY. The material allegations in the bill are, that at the April term, 1870, of the supreme judicial court for this county, one Smith recovered judgment against one Kayes, upon which execution was duly issued and placed in the hands of one Haynes, a deputy sheriff, since deceased, for collection, with orders to levy it on certain personal property belonging to Kayes; that at the same term the defendant recovered judgment against Kayes, upon which an execution issued, and was committed to Haynes with directions to levy it on the same property; that the defendant gave Haynes a bond of indemnity in the usual form to indemnify him for levying his execution, and thereupon Haynes made the levy and applied the proceeds of the property on the defendant's execution, and returned that of Smith unsatisfied; that Haynes has since died insolvent, and with no estate for the payment of his debts; that in 1874 Smith brought suit against the sheriff of the county for the default of Haynes, his deputy, in applying the proceeds of the property on the defendant's execution, and recovered judgment against him, which he has paid; that thereupon the sheriff brought suit against the plaintiff Philbrick, who was a surety on Haynes's official bond, for the amount so paid; that the suit was entered in court, and Philbrick notified the defendant to appear and defend it, which he neglected to do; and that judgment was rendered against Philbrick in said suit, which he has since paid. The prayer is, that the defendant's bond may be set apart for Philbrick's benefit; that he may be subrogated to the rights of Philbrick therein; and that judgment may be entered thereon for his benefit for the amount paid by him to the sheriff, with interest and costs. General demurrer by defendant.

J. H. Albin and W. S. Ladd, for the plaintiffs.

J. Y. Mugridge and W. L. Foster, for the defendant.

BLODGETT, J. The contention of the defendant is, that there is no privity of contract or obligation between the plaintiff and

himself; that the condition of his bond was to save Haynes harmless, and not his sureties; and that inasmuch as neither Haynes nor his estate has sustained any loss, the contingency upon which the obligation depended has not happened, and there has consequently been no breach of the bond.

This defence is both ingenious and novel, but it has no foundation in principle or upon authority. The right of subrogation does not rest upon contract or privity, but depends upon principles of natural justice and equity, and will be applied in favor of one who has been compelled to perform the obligations of another. Sheld. Sub., ss. 3, 93, and authorities cited. Nor was the defendant's bond for the protection of Haynes alone. His sureties were responsible for his official conduct, and equally liable with him to make compensation to any injured party for his wrongful acts. His protection was their protection; and as both stood upon a common ground of interest in respect to the bond, it is to be regarded in equity as intended for the joint benefit of both, and as now held by the administrator of Haynes in trust for the plaintiff surety.

But even if it was intended for the sole benefit of Haynes, Philbrick, having performed the obligations resulting from Haynes's default, which the defendant occasioned, and from which he derived a substantial benefit, is entitled to be subrogated to all the rights Haynes had, or would have had if living, against the defendant, and may therefore resort to the bond as a means of reimbursement. *Brinson* v. *Thomas*, 2 Jones Eq. 414; *Blalock* v. *Peake*, 3 Jones Eq. 323; *Miller* v. *Sawyer*, 30 Vt. 412; *Skiff* v. *Cross*, 21 Iowa 459; *Lewis* v. *Palmer*, 28 N. Y. 271; *R. R. Co.* v. *Trimble*, 51 Md. 99; Sheld. Sub., ss. 86, 87, and authorities cited; 5 Wait Act. and Def. 213.

The right of subrogation exists where, from all the circumstances of the case, it ought in equity and good conscience to exist. *Mosier's Appeal*, 56 Penn. St. 76; *Shotwell* v. *Ins. Co.*, 5 Bosw. 263; *Kernochan* v. *Ins. Co.*, 17 N. Y. 428; *Goswiler's Estate*, 3 P. & W. 200. This is such a case.

*Demurrer overruled, and case discharged.*

STANLEY, J., did not sit: the others concurred.