Follett, J.
The amended petition shows that the artificial channel was made on the land of the Valley Railway Company on or about the 4th day of November, 1874, and that at that time the running stream was turned against the land owned by Franz, and that such stream afterwards wore away the bank and overflowed the land of Franz.
The general demurrer to the amended petition could raise the question of the statute of limitation. Sturges v. Burton, 8 Ohio St. 215. The action was commenced August 27, 1881, and plaintiff’ in error insists that Revised Statutes, § 4982, must apply, as more than four years had, passed since the stream was changed and flowed against the land. The court overruled this claim and the demurrer. This is the only error claimed that we deem necessary to examine.
Plaintiff in error claims that this petition shows the only act the railway company ever did to cause the injury, was done in November, 1874, by changing the channel of the river, and then turning the running stream against the bank; and the plaintiff in error claims that the running water caused the damage, and that the statute limiting actions to four years prevents recovery in this case.
The company owned the land through which the channel was cut, and it could divert the river as it did, provided it so used its own that it did not injure another.
When a man commits an act of trespass upon another’s land, and thereby injures such other at once and to the full extent that such act will ever injure him, he is liable at once for this one act and all its effects; and the time of the statute of limitations runs from the time of such act of trespass. To this extent only is the case of Kansas Pacific Railway v. Mihlman, 17 Kan. 224, cited here, as the court found that the trespass upon complainant’s land was a *626 single completed act. And the same is true of the case of Williams v. Pomeroy Coal Company, 37 Ohio St. 583.
But where the act of trespass is a permanent trespass, as the erection of buttresses to support a turnpike road (as in Holmes v. Wilson, 10 Ad. & El. 503), or the erection and maintenance of a permanent building (as in Thompson v. Gibson, 7 M. & W. 456), it may be said to be a continuing trespass or nuisance for which a cause of action accrues, and may be brought at anytime until, by adverse use-or possession, the trespasser has enforced an adverse claim that has ripened, and has become a presumptive right or a valid estate. “ Where the trustees of a turnpike road built buttresses to support it on the land of A, and A thereupon sued them and their workmeu in trespass for such erection, and accepted money paid into court in full satisfaction of the trespass: Held, that after notice to defendants to remove the buttresses, and a refusal to do so, A might bring another action of trespass against them for keeping and continuing the buttresses on the land, to which the former recovery was no bar.” Holmes v. Wilson, supra.
“The defendants were liable for continuing the nuisance, although they had no right to enter upon the land to remove it, and that the action was therefore maintainable.” Thompson v. Gibson, supra.
An owner of land can rightly do, on his own land, any act that does not interfere with another’s rights; and such act is not illegal. But whenever such act causes injury to another, such owner is liable for the damage so caused, and the cause of action accrues at the time of such damage, and not before.
In Bonomi v. Backhouse, 96 Eng. C. L. 622, 654, Willes, J., states the.case as follows: “ The plaintiff was the owner of the reversion of an ancient house. The defendant, more than six years before the commencement of the action, worked some coal mines 280 yards distant from it. No actual damage occurred until within the six years. Question : Is the statute of limitations an answer to the action? Or, in other words, did the cause of action accrue *627 within six years?” He also says: “We think that the right which a man has is to enjoy his own land in the state and condition in which nature has placed it, and also to use it in such manner as he thinks fit, subject always to this : that if his mode of using it does damage to his neighbor, he must make compensation. Applying these two principles to the present case, we think that no cause of action accrued for the mere excavation by the defendant in his own laud, so long as it caused no damage to the plaintiff; and that the cause of action did accrue when the actual damage first occurred.” The court held that the statute did not bar the action. See Butler v. Peck, 16 Ohio St. 334.
And when the owner of land rightly and lawfully does an act entirely on his own land, and by means of such act puts in action, or directs a foi’ce against, or upon, or that affects another’s land, without such other’s consent or permission, such owner and actor is liable to such other for the damages thereby so caused the latter, and at once a cause of action accrues for such damages; and such force, if so continued, is continued by the act of such owner and actor, and it may be regarded as a continuing trespass or nuisance; and each additional damage thereby, caused is caused by him and is an additional cause of action; and until such continued trespass or nuisance by adverse use ripens inte and becomes a presumptive right and estate in the former, the latter may bring his action.
In the case of The Delaware and Raritan Canal Co. v. Lee, 2 Zab. 243, the court held, “An actionable nuisance may be caused by an act perfectly lawful in itself when the nuisance complained of is only a consequence of that act.” It also held, “ The statute of limitations is no bar to allowing damages done within six years, by a nuisance erected before the six years, in cases where the nuisance has not been so long continued as to raise presumption of a grant.”
In the case of Stroyan v. Knowles, 6 Hurl. & Nor. 454, the plaintiff purchased lands, and thereafter the working of mines under lands near to, but not adjoining the close on which *628 buildings stood, occasioned a further subsidence. “No damage was done by the working of the mines subsequently to July, 1852, but the subsidence of the ground continued, the consequence of the previous mining operations. The mining Avas skillfully conducted, and the buildings did not contribute to the subsidence. In August, 1855, the plaintiff brought an action against the defendant. Held, that he rvas entitled to recover damages.” See also Holmes v. Wilson, supra, and Thompson v. Gibson, supra.
In Whitehouse v. Fellows, 100 Eng. C. L. 765, the court held, “If the cause of action be, not the doing of the thing, but the resulting of damage only, the period of limitation is to be computed from the time Avhen the plaintiff sustained the injury.”
And to the same effect is Baldwin v. Calkins, 10 Wend. 167; McConnel v. Kibbe, 29 Ill. 485; Ang. Lim., sec. 300; Wood Nuis., sec. 719; Wood Lim., see. 180, and cases cited. Also Ramsdale v. Foote, 55 Wis. 557; Miller v. Keokuk & D. M. Ry. Co., 63 Iowa, 680.
The facts stated in the amended petition show that the Valley Railway Company diverted the stream and turned its course and current against and over the lands of Franz, and thereby caused the injury complained of. The company remained upon its own land, and cut the new channel and took control of the stream, and directed its course when the same passed from its land and its control, and has ever since so controlled and directed the stream that has caused the damage complained of.
The amended petition states a cause of action that is not barred by the statute of limitations provided for such cases.
In overruling the demurrer the court did not err. Neither did the court error in any other matter presented to us.

Judgment affirmed.