CORA B. GAGLE and F. M. GAGLE, Appellants, v. A. P. BESSER and LIZZIE BESSER.

**Fraud:** EVIDENCE: SUBMISSION OF ISSUES. In an action against a husband and wife for false representations concerning improvements upon lands sold to plaintiff, the evidence is held to require a submission of the issues as against the husband; and even though there was no evidence connecting the wife with the alleged fraud, and a verdict was rightly directed in her favor, that fact did not obviate the necessity of submitting the issues as to the husband.

**Same:** ACTION: MISJOINDER OF PARTIES' PLAINTIFF. Where a husband and wife joined in a suit ·against their grantor for fradulent representations concerning improvements upon the property purchased, but it appeared that she took no part in the transaction, although title was taken in her name for some purpose not disclosed, she was not a proper party to the suit. That fact however would not defeat the husband's right of recovery.

**Defect of parties:** MISJOINDER: REMEDY. A defect of parties occurs where one or more persons who should have joined as plaintiffs or defendants to fully adjudicate the issues raised have been omitted. A misjoinder of parties occurs where one or more not concerned in the action are made parties; and objection to a misjoinder of parties can only be interposed by motion to strike the names of those not interested, and a failure to move an elimination of such parties

is a waiver of the objection; pleading the misjoinder in the answer will not accomplish the result.

*Appeal from Polk District Court.*—HON. JAMES P. HEWITT, Judge.

SATURDAY, NOVEMBER 22, 1913.

ON the 7th day of October, 1909, F. M. Gagle entered into a written contract with A. P. Besser, by the terms of which he purchased eighty-seven acres of land, paying $1,000 down and promising to pay the remainder of the purchase price on March 1st following, at which time the purchaser was to have title and possession. At the date stipulated the remainder of the purchase price was paid, and a deed executed by Besser and wife to Cora B. Gagle. The plaintiffs are husband and wife, and in this action allege that defendant, A. P. Besser, misrepresented the land by saying that a depression northeast of the dwelling house containing about eight acres, was tiled out and would not get wet, and that the tile was connected with the line of tile in the public highway on the west of the premises which had an outlet; that the defendant well knew that his statements with respect to the tile having an outlet were false; that the plaintiffs relied thereon, and were deceived thereby to their damage. It was further alleged that defendant represented that the furnace in the dwelling house was all right and in good shape and sufficient to heat the house, that such statements were not true, and known to be untrue by lessor, and that plaintiff relied thereon in purchasing said farm, to his damage. In the second count of the petition, plaintiffs alleged that at the time when entering into the contract, certain climbing roses were growing on the premises, that without the consent of plaintiffs, these were removed by the defendant, and that he also carried away a grate screen. The evidence introduced tended to support these allegations, and was such that had a verdict been returned in favor of

plaintiff, it could not have been said to be without support. Notwithstanding this, on motion, a verdict was directed for the defendants, and judgment entered thereon. The plaintiffs appeal.—*Reversed.*

*Tripp & Tripp,* and *Hubert Utterback,* for appellants.

*Mulvaney & Mulvaney,* for appellees.

LADD, J.—The action is not based on contract, as counsel for appellees assume in argument, but sounds in tort. The damages for which judgment is prayed are not alleged to have been in consequence of a breach of contract, but of deceit practiced in inducing plaintiffs to enter into the contract. This consisted in representing that a depression or basis of considerable area on the premises had been properly drained, and that the furnace in the house was in good condition, and the evidence tended to prove that defendant A. P. Besser so knew, and that plaintiff F. M. Gagle relied thereon, and was induced thereby to purchase the farm when but for such representations, he would not have done so, and was damaged thereby. The evidence also disclosed that after the contract by which Gagle purchased the land had been entered into, Besser removed roots of some climbing roses and took away a screen belonging to the grate. A case against A. P. Besser having been made for the jury, the court must have directed a verdict for him on some other ground.

1. FRAUD: evidence: submission of issues.

The defendant Lizzie Besser was not shown to have been concerned in any manner in the alleged deceit, or in carrying away the roses or screen, and the verdict was rightly directed in her favor, but this did not obviate the submission of the issues as to A. P. Besser. *Young v. Gormley,* 119 Iowa, 547; *Boswell v. Gates,* 56 Iowa, 143.

II. The contract, dated October 7, 1909, was between F. M. Gagle and Besser, and provided that the former should

have title to and possession of the land March 1, 1910, upon

2. SAME: action: misjoinder of parties plaintiff.

payment of the balance of the purchase price. One thousand dollars was paid down by Gagle. The evidence failed to show that Mrs. Gagle participated in the negotiations, or was concerned therein, or that Gagle acted for her therein. The deed was executed to her by Besser and wife, but how this came to be done, or whether she paid the remainder of the consideration, is not disclosed. She then was not a proper party to the suit, and, as contended, there was a misjoinder of parties plaintiff. Had there also been a misjoinder of causes of action, the order directing the verdict must have been sustained. *Bort v. Yaw,* 46 Iowa, 323; *Mendenhall v. Wilson,* 54 Iowa, 589; *Rhoads v. Both,* 14 Iowa, 575; *Mervin v. Sherman,* 9 Iowa, 331. This is for the reason that separate judgments in favor of different parties on distinct causes of action may not be entered in a single suit. There was no misjoinder of causes of action, however, and these cases are not in point. Nor was there a defect of parties, as appellee assumes, and therefore the point might not be raised by demurrer or answer. *District Township of White Oak v. District Township of Oskaloosa,* 44 Iowa, 512; *Beckwith v. Dargets,* 18 Iowa, 303; *Dolan v. Hubinger,* 109 Iowa, 408.

A defect of parties is where one or more who should have joined as plaintiff or defendant in order to fully adjudicate the issues raised has been omitted. A misjoinder of parties

3. DEFECT OF PARTIES: misjoinder: remedy.

is where one or more who are not concerned in the action are made parties, and it is well settled that objection thereto can only be interposed by motion to strike the names of those not interested. *Miller v. Railway,* 63 Iowa, 680; *Flynn v. Railway,* 63 Iowa, 490; *Lull v. Anamosa National Bank,* 110 Iowa, 537.

If the real party in interest is willing to share his cause of action with another not concerned therein, this ought not to defeat recovery, and the defendant by interposing no objection by moving to eliminate such other from the suit

waives all objection to including him as a party to the action. Pleading the misjoinder in the answer did not obviate this result. Defendant was entitled to have the name of Mrs. Gagle as party plaintiff stricken from the petition, but not to a verdict in his favor because of her being improperly joined with F. M. Gagle as party plaintiff.

That through some arrangement not disclosed the land was finally conveyed to Mrs. Gagle did not defeat any cause of action F. M. Gagle might have had by reason of being induced to enter into the contract of purchase. The issues should have gone to the jury.—*Reversed.*

WEAVER, C. J., and EVANS and PRESTON, JJ., concur.