## HALL v. CROUSE *et al.*

1. MOTION TO DISSOLVE INJUNCTION. A motion to dissolve an injunction which does not specify the cause or causes on which it is founded, should not be entertained or considered by the court.

2. INJUNCTION IN ACTIONS AT LAW. Chapter 155 of the Revision of 1860 enlarges the powers of courts of law, so that in the classes of cases therein mentioned they may grant relief for injuries already committed, and by injunction restrain a continued commission of the same wrongs by the same parties. It is sufficient for the applicant for the writ to substantially comply with the requirements of the statute, without bringing himself within the rules and usages of Courts of Chancery.

*Appeal from Webster District Court.*

WEDNESDAY, APRIL 8.

THE petition makes substantially the following case: That the plaintiff, by purchase, became the owner of certain lands therein described, chiefly valuable for the timber growing thereon; that the defendants, without authority, had trespassed upon the same; that they had entered upon said land, cut and carried away a large amount of timber, and still continued to commit their trespasses upon said land of the like character, to his damage five hundred dollars, for which amount he prays judgment; and also for an injunction to restrain the defendants from committing further trespasses upon said land. The injunction was allowed by the county judge, and a bond executed by plaintiff in the penalty of three hundred dollars, according to law.

The defendant, without answering, moved the court to dissolve the injunction, assigning no reason therefor in his motion. The court granted the motion, and entered up a judgment against the plaintiff for the costs of the suit taxed at $20.45.

The plaintiff excepting, makes this action of the court the ground of appeal and his assignment of error.

*Theodore Hawley* for the appellant, contended: 1. That the plaintiff had a complete and adequate remedy at law. *Livingston* v. *Livingston*, 6 John. Ch., 497; *Jerome* v. *Ross*, 7 Id., 315. 2. Chapter 155 of the Revision of 1860, has not changed the old rule of law.

*Stephen Sibley* for the appellee.

LOWE, J.— The motion to dissolve specifies no cause or causes on which the same was founded, and for this rea-

son should not have been entertained or considered by the court. § 2864, Rev. 1860. Nor in other respect does the record advise us upon what ground the decision dissolving the injunction was made. The appellant insists that his suit is one at law, and brought conformably to the provisions of chapter 155, Rev. of 1860. Section first (3798) of said chapter says that: "In all cases of breach of contract or other injury, when the party injured is entitled to maintain, and has brought an action, by ordinary proceedings, he may in the same cause pray and *have* a writ of injunction against a repetition or continuance of such breach of contract, or other injury of like kind arising out of the same contract, or relating to the same property or right; and he may also, in the same action, include a claim for damages or other redress."

In this case the plaintiff brings his action by ordinary proceedings, and he states in his petition facts, which if true, entitle him to maintain the same, and pray to have his injunction against a repetition of the trespass complained of, not because his injury is irreparable, or the defendants are insolvent, but because of the particular case made in his petition, which he claims brings him within the scope and purview of the right and protection granted to him in the foregoing, and subsequent sections of the chapter referred to. In this general construction of this statute, we are inclined to concur, supposing that the intention thereof was simply to enlarge the powers of a court, so that where legal rights alone are involved in controversy, it might not only grant the redress sought for, but guard their rights by injunction against a continued commission of the same wrongs by the same parties. Of course, at law the allowance of this writ is limited to a given class of cases, and then only for a single specified purpose; and we see no reason why the party applying for the writ, on the law side of the docket, should be held to bring himself within the

rules and usages of a Court of Chancery, whose jurisdiction over this writ is so much more extended and varied, and whose adjudications are made in the main to enforce and protect equitable rights. It is .enough for the applicant substantially to comply with the requirements of the statute, granting him in a given case the benefits of the writ; and the plaintiff having done so in this, case, in our opinion, we accordingly reverse the judgment below, and remand the cause.

Reversed.