## PLATT & SPEITH v. THE CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY.

74 127
86 355
74 127
136 175

1. **Nuisance:** ON PUBLIC GROUND : FACTS CONSTITUTING. The city of Des Moines, by ordinance, leased to defendant, for "railway depot purposes", a portion of ground lying within the city and dedicated to the general public, reserving, however, the "right of way to and over the bridge at the mouth of Coon river; also the right to use so much of said grounds as may be necessary to use in the repair of the same, or for rebuilding a bridge, in case the necessity of the same should ever arise. The city also reserves the right to provide by resolution for the necessary repair and good condition of the road leading to said bridge, and to provide that the same shall be kept in good repair and condition by said railroad company for public travel." The defendant built a round-house and turn-table on the ground (which structures were not within the terms of the lease) in such a way as to interfere with the customary travel over said ground to plaintiffs' place of business. *Held* that it was the intent of the city, as expressed in the ordinance, that the defendant and the general public should jointly use and occupy the grounds for highway purposes, and that the round-house and turn-table constituted a nuisance for which plaintiffs were entitled to damages, and which the court properly ordered to be removed.

2. **Ordinance :** CONSTRUCTION : DUTY OF COURT. It is the duty of the court, and not of the jury, to construe an ordinance the meaning of which is involved in a pending suit.

3. **Nuisance :** PUBLIC : PRIVATE ACTION. A nuisance may be both public and private, and, if an individual suffers special damages thereby, he may maintain an action therefor. (Compare *Park v. C. & S. W. Ry. Co.*, 43 Iowa, 636.)

4. ———: DAMAGES : ORDER FOR REMOVAL. The court, in an action for nuisance, rendered judgment on the verdict for damages, and on motion ordered the nuisance abated. Although the verdict did not necessarily determine the continued existence of the obstruction, it was conceded on the trial. *Held* that the order of removal was not erroneous. (Compare *Miller v. Keokuk & Des M. Ry. Co.*, 63 Iowa, 680.)

*Appeal from Polk Circuit Court.*

FILED, MARCH 9, 1888.

THE plaintiffs are the owners of certain lots fronting on Water or Front street, in the city of Des Moines, on which is situated a building used by them for business purposes, and claim that they have been injured and have sustained great damages by the wrongful acts of the defendant in constructing an engine-house, turn-table and railroad tracks upon public ground, over which travel from the south reached plaintiffs' place of business. Plaintiffs claim that the obstruction is a nuisance, and the relief asked is that the same be abated, and judgment rendered for the damages sustained. The defendant denied the allegations of the petition, and pleaded that it was in the possession of the premises, and constructed thereon the alleged obstructions, under an ordinance of the city of Des Moines. Trial by jury, verdict for plaintiffs, and judgment, and an order was entered requiring the defendant to remove the obstructions. The defendant appeals.

*Runnells & Walker*, for appellant.

*Phillips & Day*, for appellees.

SEEVERS, C. J.—In 1846, the county commissioners of Polk county duly laid out the town of Fort Des Moines, now the city of Des Moines, and caused to be recorded a plat thereof, upon which there is a parcel of land designated as "public grounds", and the same was dedicated to the general public. The plat was duly acknowledged and recorded, and the streets and public grounds were declared to be public highways. Such grounds were bounded on the "north by block 37; west by a line parallel with the east side of block 28 (in said town), extending to the Raccoon river; and east by the Des Moines river." No streets were laid off across said grounds, but persons crossing Coon river, over which a bridge was erected, passed over said grounds in such direction as they pleased for many years; and such persons, and all travelers on business or pleasure, could readily pass from said bridge across the grounds to

Front or Water street, and thus reach the plaintiffs' place of business, until 1879 or 1880, when the obstructions of which the plaintiffs complain were constructed by the defendant. The city of Des Moines, by an ordinance duly passed, leased said public grounds for ninety-nine years to the Des Moines & Knoxville Railroad Company for "railway depot purposes"; reserving, however, the "right of way to and over the bridge at the mouth of the Coon river; also the right to use so much of said grounds as may be necessary to use in the repair of the same, or for rebuilding a bridge, in case the necessity for the same should ever arise. The city also reserves the right to provide by resolution for the necessary repair and good condition of the road leading to said bridge, and to provide that the same shall be kept in good repair and condition by said railroad company for public travel." The defendant, as the successor of the Knoxville Company, constructed a railway, consisting of several tracks, and a round-house and turn-table on said grounds. It was admitted on the trial that "Front street, upon which plaintiffs' property is situated, would, if extended, have passed between the round-house and turn-table, but that the passage of wagons was rendered practically impossible, and that no travel, as a matter of fact, passed that way; and, further, that people coming from the south across the Coon river bridge, who should desire to go to plaintiffs' property, would be compelled to travel a circuitous way in order to reach it."

I. This cause was submitted and determined at a former term, but, because we failed to consider a question material to the determination of the case, a rehearing was granted. Such question is whether the city had the power to confer, and whether it in fact did confer, upon the defendant the right to erect upon said grounds the round-house and turn-table. For the purposes of this opinion, it will be conceded that the city had the power to lease the grounds to defendant's grantor for railway

1. NUISANCE: on public ground: facts constituting.

"depot purposes." This necessarily would include the right to construct a depot and tracks to reach and make the depot available for the transaction of business. The grounds were dedicated to the public for highway purposes, but in what manner it should be used by the public was not expressly declared. In, such case, the use "varies according to circumstances, to be judged by the proper local authorities or corporate guardian, subject to the control of the laws and the courts." But in no event can ground so dedicated be devoted to private purposes. 2 Dill. Mun. Corp., sec. 645. For the purposes of this opinion, it will be conceded that a railway is a public highway, and that it was competent by ordinance for the city to lease public grounds for the construction of a railway to and across the same, and construct a depot thereon. More than this the city did not do. On the contrary, the reservations made in the ordinance clearly indicate the intent of the city, which was that the defendant and the general public should jointly use and occupy the grounds for highway purposes. It clearly appears, we think, that the railway tracks do not materially obstruct the passage of the general public across the grounds; but, from the concession made on the trial, it clearly appears that the roundhouse and turn-table seriously interfered with the passage of persons and teams across such grounds. Now, the city did not authorize and empower the defendant to construct such house and appliance. The most liberal view that may be taken of the ordinance will not authorize such a construction. They, therefore, have been constructed upon public grounds dedicated to highway purposes, without any right to do so, and, therefore, must be regarded as nuisances, in so far as the general public is concerned. It follows that the second instruction given by the court to the jury, which simply affirms the right of the public to an unobstructed passage over the grounds, is correct. It may, however, be said that the city reserved but a single highway across the grounds, and, as it has constructed a sidewalk from the end of the bridge in a northeasterly direction

Platt & Speith v. The Chicago, B. & Q, Ry. Co.

over the same to the south end of Second street, that it has thereby directed or indicated that travel should pass that way. By taking that way, persons could, by a circuitous route, reach the plaintiffs' place of business. It is by no means certain that the ordinance and reservations should be so construed; for a right of way across the grounds was clearly reserved. This should be construed as a reservation to the public of the right to cross the grounds; not, possibly, in the precise manner enjoyed at the time the ordinance was passed, but so that such right should substantially continue to exist. The construction of the sidewalk simply amounts to an invitation to foot-travelers to pass that way. It will be observed that the city reserved the right to provide by resolution that "the road" leading to the bridge should be kept in good repair by the defendant. The fact that the city has not passed such a resolution is immaterial. The right to do so exists, and indicates quite clearly, we think, that it was not contemplated by the ordinance that the general public should be deprived of the right to cross the grounds in substantially the same manner as was enjoyed at the time the ordinance was passed.

II. From what has been said, it sufficiently appears that the sixth instruction asked by the defendant was *2. Ordinance: construction: duty of court.* properly refused; and this is true as to the seventh, because thereby the jury were required to construe the ordinance, when it is obvious that this was the province of the court. It is urged by counsel for the defendant that, conceding the existence of the nuisance as claimed, it was of a public character; and, therefore, a right of action to the plaintiff to recover damages caused thereby, or to abate it, does not *3. Nuisance: public: private action.* exist. The rule upon this subject is that a nuisance may be both public and private, and, if an individual suffers special damages thereby, he may maintain an action therefor. *Park v. C. & S. W. Ry. Co.*, 43 Iowa, 636. There was sufficient evidence in this case that the plaintiffs had suffered such damages to justify the jury in so finding.

III.   The jury found for the plaintiffs, and assessed the damages, and, upon motion, the court ordered the obstructions to be removed. It is urged that the verdict does not necessarily determine that the nuisance existed at the time it was rendered; but no such claim was made on the trial. The existence of the obstructions was a conceded fact. The evidence, without the slightest contradiction, so shows; and, therefore, the order directing the removal of the obstructions and abatement of the nuisance is correct. Code, sec. 3331; *Miller v. Keokuk & Des M. Ry. Co.*, 63 Iowa, 680.

The judgment of the court is          AFFIRMED.

4. ——: damages: order for removal.