## PRICE v. THE ÆTNA INSURANCE COMPANY

1. Appeal: FROM WHAT ORDERS TAKEN. A ruling sustaining or overruling a motion to have certain issues in an action at law transferred for trial in equity, on the ground that they are equitable issues, is an order affecting the substantial rights of the parties, from which, therefore, an appeal will lie, under Code, section 3164. (See opinion for citations.)

2. Practice: ISSUES TRIABLE IN EQUITY : TEST OF. An issue is not equitable, within the meaning of section 2517 of the Code,—providing that when equitable issues arise in actions commenced by ordinary proceedings either party shall have the right to have such issues tried as in equity,—so long as the relief asked or the defense interposed is not equitable. (*Carey v. Gunnison*, 65 Iowa, 703.) And so, where the matter which it was claimed tendered equitable issues in a law action was wholly set out in the reply, and was in its nature a plea in confession and avoidance, and was not designed to furnish ground for affirmative relief, except as it avoided the defense set up in the answer, and no such relief was demanded in the reply, *held* that a motion to have such issues tried by equitable proceedings should have been overruled.

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, JR., Judge.

FILED, JUNE 2, 1890.

ACTION at law, on a policy of insurance, to recover the value of a building destroyed by fire. From the ruling of the court on a motion of defendant to try certain issues as in equity, both parties appeal; the appeal of plaintiff being first perfected.

*Kauffman & Guernsey*, for appellant.

*R. W. Barger* and *Cummins & Wright*, for appellee.

ROBINSON, J.—The petition alleges that the policy of insurance in suit was issued by defendant on the twenty-seventh day of April, 1887; that it insured plaintiff against loss or damage by fire to the amount of two thousand dollars, on a certain frame dwelling-house, for the term of five years, commencing on the twenty-sixth day of April, 1887; that said dwelling-house was of the value of ten thousand dollars, and on the sixth day of February, 1888, was destroyed by fire; and that proofs of loss were duly presented to defendant. The petition prays for judgment against the defendant for two thousand dollars and costs. The answer admits the issuing of the policy, but alleges that it expressly provided that, "in case of any transfer or change of title in the property insured by this company, or any undivided interest therein, such insurance shall be void and cease." It further alleges that on or about the seventh day of December, 1887, the plaintiff, without notice to defendant, and without its knowledge or consent, transferred and conveyed the property described in the policy to Mary J. Price; that by reason of said conveyance a transfer of said property and change of title took place, which rendered the policy null and void; that, after the destruction of the property, plaintiff demanded of defendant the full amount of the policy, but defendant insisted that it was not liable therefor, because of the alleged transfer and change of title. But the answer further avers that to avoid litigation, and the expense incident thereto, and

the uncertainty of the result thereof, the plaintiff, on or about the seventeenth day of February, 1888, accepted from defendant $285.72 in satisfaction of all claim against it on account of the policy, and that it was thereupon canceled and surrendered to defendant, and that defendant is not liable thereon. The answer does not demand any relief. To the answer the plaintiff filed a reply, as follows: "*First Count.* And this plaintiff expressly denies that the legal title to said premises referred to in the said third count of said answer was, at the date of the policy sued on herein, in one Mary J. Price, and further denies that the legal title to said premises ever was in said Mary J. Price, and this plaintiff expressly avers that he was at the date of the policy sued on herein, ever since that time has been, and is now, the sole and unconditional owner of the said property hereinbefore referred to. This plaintiff further avers that when a certain pretended deed for said property by himself to Mary J. Price, dated December 7, 1887, purports to have been signed, this plaintiff was in feeble health and of unsound mind, and, by reason of mental incapacity, incapable of giving consent to said act, or of executing a valid deed, and that the said deed was not the act of this plaintiff, and that the title to the said property was not in any way changed or affected by said deed, and that said deed was wholly inoperative, and absolutely null and void. Further replying, the plaintiff states that his condition of body and mind existing at and about December 7, the date of the deed hereinbefore referred to, continued and was in existence at the date of the pretended settlement referred to in the third count of defendant's said amended and substituted answer, and the said pretended settlement was not the act of this plaintiff, and not binding upon him, but was wholly and absolutely null and void. And plaintiff further alleges that prior to the bringing of this suit the plaintiff tendered back to the defendant the full amount received by him on said pretended settlement, and offered to restore the defendant to its condition prior thereto, but that

defendant utterly refused to receive the same, and said defendant has at all times since so refused, and has insisted that said pretended settlement was valid and. binding upon plaintiff." The second division of the reply alleges that Mary J. Price was the wife of plaintiff; that, on the seventh day of December, 1887, the plaintiff and his wife were, and for a long time prior thereto had been, occupying the premises upon which the house in controversy was situated as a homestead; that at all times subsequent to that date, and when the conveyance of said premises was made, they were so occupied. The reply avers that, by reason of the facts alleged, the said conveyance was in no event an alienation of the property, or a change of the title thereto, within the meaning of the policy. No relief is demanded in the reply. The motion referred to is as follows: "Comes now the defendant, and moves the court: *First*, to transfer for trial in equity the issues tendered in the first count of the reply; * * * *second*, to transfer for trial in equity the issue tendered in the reply as to the invalidity of the deed from the plaintiff to Mary J. Price; *third*, to transfer for trial in equity the issue tendered in the reply as to the validity of the settlement alleged in defendant's answer as a bar to plaintiff's right of action. For reason of such motion, the defendant says that the issues referred to in the above motion are all equitable issues, and triable in a court of equity instead of a court of law." The court sustained the motion so far as to transfer for trial as in equity the issue referred to in the second ground of the motion, and overruled it as to the others.

I. Appellee contends that the statute does not allow an appeal from the rulings in question. But they affected the substantial rights of the parties, deciding, in effect, that one of the issues presented by the pleadings should be tried without a jury, and that the others might be tried with one. They denied to each party the right to have a part of the issues involved settled in a manner provided by statute for settling litigated questions. We think

1. APPEAL: from what orders taken.

they were in the nature of orders from which appeals will lie. Code, sec. 3164; *Brown v. Harper*, 54 Iowa, 546; *Richards v. Burden*, 31 Iowa, 306.

II. Section 2517 of the Code is as follows: "Where the action has been properly commenced by ordinary proceedings, either party shall have the right by motion to have any issue heretofore exclusively cognizable in equity tried in the manner hereinafter prescribed in cases of equitable proceedings; and, if all the issues were such as were heretofore cognizable in equity, though none were exclusively so, the defendant shall be entitled to have them all tried as in cases of equitable proceedings." It will be noticed that in this case neither party asks for equitable relief. The only demand for judgment appears in the petition, and is for the amount of the policy and costs. The plaintiff might have so drawn his pleadings as to demand the cancellation of the alleged deed of conveyance, and the setting aside of the alleged settlement, but he did not do so. That the pleadings set out facts which, if true, would entitle plaintiff to equitable relief, is immaterial so long as such relief is not demanded. An issue is not equitable, within the meaning of the section quoted, so long as the relief asked, or the defense interposed is not equitable. *Carey v. Gunnison*, 65 Iowa, 703. The matter which it is alleged tendered equitable issues was wholly set out in the reply, and was in its nature a plea in confession and avoidance. It was not designed to furnish ground for affirmative relief, excepting as it avoided the defense set up in the answer, and none was demanded in the reply. Whether plaintiff can obtain the relief he demands without the aid of a court of equity is a question not raised by the motion, and not determined by us. We conclude that so much of the order of the district court as is presented by defendant's appeal should be affirmed, and that so much of it as is presented by the appeal of plaintiff should be reversed.

AFFIRMED IN PART; REVERSED IN PART.

2. PRACTICE: issues triable in equity: test of.