TIMOTHY DILLON, Assignee of ABE LEVENS, Appellee, v. MRS. F. J. FARLEY, Appellant.

**Trusts:** AGREEMENT TO ASSUME DEBT OWING FOR GOODS BOUGHT. Where a purchaser of personalty agreed, as a part of the consideration, to pay a debt which the seller owed for a portion of the goods sold, such agreement was merely a contract, for the breach of which an action would lie against the purchaser, but did not impress the property with a trust in favor of the person who originally sold the goods.

BONA FIDE PURCHASERS. Where a purchaser of personalty took the property impressed with a trust in favor of a creditor of his vendor, one to whom such purchaser sells the property is not liable, unless taking without consideration or with notice of the trust.

*Appeal from Dubuque District Court.*—HON. FRED O'DONNELL, Judge.

MONDAY, OCTOBER 14, 1901.

ACTION by an assignee of the firm of Levens & Dillon to recover on account of wines and liquors sold one Martin Vorrey. Certain saloon fixtures owned by Vorrey were conveyed to Frank Farley, and by him (Farley) conveyed to defendant, and plaintiff seeks to make the account a charge against these fixtures. From a decree and judgment for plaintiff, defendant appeals.—*Reversed.*

*P. S. Webster* for appellant.

*Lyon & Lyon* for appellee.

DEEMER, J.—Between May 1 and September 6, 1897, Levens & Dillon sold and delivered to Vorrey & Farley, who were conducting a saloon in the city of Dubuque, intoxicating liquors to the value of $247.44. The bill for these goods was assigned to plaintiff. It is claimed that Vorrey sold the saloon and fixtures, or his interest in them, to his partner, Farley, in consideration of Farley's promise to pay the aforesaid bill. Farley conveyed the property to the defendant, his wife, by bill of sale reciting a consideration of $5. Vorrey and Farley are both dead, and administration has not been had on the estate of either. Mrs. Farley sold part of the goods conveyed to her by her husband for $800, and has on hand property to the value of $60. The trial court found that the property in defendant's possession, and the proceeds arising from the sale of the fixtures she received from her husband, should be impressed with a trust in plaintiff's favor to the extent of the amount of the bill of goods sold Vorrey & Farley. The plaintiff introduced evidence tending to show that, when Farley received a bill of sale of Vorrey's interest in the property, he (Farley) agreed, as part consideration therefor, to pay plaintiff's bill; that by reason of this promise a trust arose in plaintiff's favor to the extent of the amount of his bill; that defendant acquired her title either without consideration, or with notice of her husband's promise; and that plaintiff is entitled to have his claim impressed as a trust upon the property, or the proceeds thereof. Conceding, for the purpose of the case, that Farley, when he received the bill of sale from Vorrey, agreed to pay plaintiff's bill, as part consideration for the property, this was nothing more than a naked promise, for breach of which an action would lie against Farley. Such a promise did not create a trust. *Chapman v. Beardsley,* 31 Conn. 115. Had the proof shown an agreement on Farley's part to take the property and pay the debts out of proceeds thereof, a different question would arise. The bill of sale recites a consideration of five dollars,

and, admitting that other and further considerations may be shown, a mere promise to pay the debt of another, as part consideration for the purchase of property, does not create a trust. It may be that an express trust in personal property may be shown by parol, but failure to pay the agreed consideration does not create a trust. *Acker v. Priest,* 92 Iowa, 620. It is barely possible that plaintiff, as an assignee of a firm creditor, would have a right to resort to property that was owned by the firm of Vorrey & Farley; but his case is not bottomed on this theory, and he contends that Farley was not a partner, but a mere employe, of Vorrey. Assuming, then, that plaintiff had a remedy against Farley, on his promise to pay the claim, in consideration of the receipt of the goods, this remedy was personal. *Hawley v. Bank,* 97 Iowa, 187. And, as Farley is dead, an administrator should have been appointed, and the claim filed against his estate.

Farley's wife is not liable on the promise in an action of this kind. But, assuming that a trust was impressed on the property by reason of Farley's promise, d'efendant cannot be held liable unless it be shown that she took the property without consideration, or with notice of the trust. No fraud is claimed in the transaction between Mr. and Mrs. Farley. The bill of sale, which was introduced in evidence by plaintiff, recites a consideration of five dollars, and defendant introduced evidence to show that other matters of value were also included. Even if the consideration were but five dollars, that would be sufficient to support the transfer. Inadequacy of consideration is only material where fraud is claimed. The bill of sale is supported, then, by a consideration, and there is absolutely no evidence to show that defendant purchased with knowledge of a trust. Without this knowledge, defendant cannot be held responsible. There was nothing on the face of either bill of sale to indicate that any trust was created, and, in the absence of such evidence, knowledge on the part of the purchaser from the trustee of the trust character of the property must be shown.

Many other questions are argued, but these seem to be controlling. There should have been a decree for defendant, and the cause is remanded for that purpose, or, at defendant's option, she may have a decree in this court.—REVERSED.