TONY AMODEO COMPANY, Appellant, v. TOWN OF WOODWARD et al., Appellees.

**TRIAL:** Method of Trial—Transfer of Causes. Where the city council, after accepting a bid, cashed the bidder's check, after notification by him that there was a mistake in the bid, and that his deposit and bid were not legal, and relet the contract to another bidder, but refused to return him his check, an action by the bidder to recover the amount of his check was one at law, although he might have been entitled therein to auxiliary relief, equitable in its nature, under his prayer that an injunction be issued, enjoining the city council from disposing of and distributing the amount of the check; and hence said action was properly transferred from the equitable to the law side of the calendar.

*Appeal from Dallas District Court.*—GEORGE B. LYNCH, Judge.

OCTOBER 25, 1919.

PLAINTIFF, appellant, brought this action in equity, to recover $1,000 deposited by him in the form of a check, on a paving bid. At the proper time, defendant moved to transfer the cause to the law side of the calendar, which was sustained; and from such ruling the plaintiff has appealed.—*Affirmed.*

*Chester J. Eller,* for appellant.

No argument for appellees.

PRESTON, J.—Briefly, the petition alleged that, in May, 1918, defendant town advertised for bids for paving; that, separate from said notice, defendant submitted specifications and contract, prepared by the engineer; that, on June 1, 1918, without seeing the published notice, plaintiff called at the office of the town council, and was shown the proposals, specifications, and contract, and made a bid on the work, and deposited a check in the sum of $1,000; that plaintiff learned later that the bid was not in accord with the notice, and was, therefore, not a legal bid; that, on June 3, 1918, the council undertook to accept plaintiff's bid, but, on the next day, he advised them that there was a mistake in the amount and figuring of his bid, and that his deposit and bid were not legal, and he thereupon refused to sign said contract, and demanded back the certified check of $1,000; that said check was on a bank in Des Moines, while the proposals and notices provided for a check to be written upon a Woodward bank; that, notwithstanding plaintiff's objections, the council, recognizing the mistake, and that the work could not be performed for the amount of the bid, withholds said deposit, and has made no distribution thereof; that plaintiff advised the council that he waived all right to the contract, and asked the council to let said bid to the next highest bidder; that the council accepted said rescission and refusal to sign the contract, but refused to return the $1,000, and thereafter published notice, and relet said contract to the next highest bidder, at an increased price. The prayer is that an injunction issue, enjoining the city council from disposing or distributing said $1,000, and that said city council be ordered to return the same to plaintiff, and for such other and further relief as seems equitable, and for judgment in the sum of $1,000 and interest from June 10, 1918, and that the court hold said bid to be illegal, and cancel the same, and release and order the return of said $1,000.

. The motion to transfer to the law docket was on the grounds that plaintiff has an adequate remedy at law; that the action is brought on a single trespass, and should have been brought at law; that defendants are solvent, and no showing of insolvency is made; that the petition shows no grounds for injunction or relief in equity. We assume that the motion was filed under Section 3434 of the Code, which provides for such correction where wrong proceedings have been adopted; though we have no argument for appellees. As we understand it, one of the grounds claimed by plaintiff as making the bid illegal is that the check was drawn on a Des Moines bank, instead of a Woodward bank, as required in the notice. But it seems to us that plaintiff may not now take advantage of that. Probably the town could have insisted upon a check on a Woodward bank, but they seemed to have waived that. The check seems to have been cashed, since there is no prayer to regain possession of the check itself. Judgment is asked for $1,000 and interest. An injunction may be granted in a law action, for instance to restrain the negotiation of a note, and the like (Code Section 4354; *Hall v. Crouse*, 14 Iowa 487; *Richmond v. Dubuque & S. C. R. Co.*, 33 Iowa 422), and it may be that plaintiff would have been entitled to an injunction to restrain the defendant from cashing the check, and could have sought to regain possession of it, either by replevin or by a like action without bond. But the record does not show that any injunction was ever issued, and, as said, the check seems to have been cashed, and plaintiff is asking judgment for the amount of the check, with interest. The petition seems to have been somewhat loosely drawn, but we think that the relief plaintiff is asking is to get his $1,000 back. It is true that he is asking to have the bid canceled, but he alleges that it was rescinded or canceled by agreement, and that, therefore, he is entitled to recover the $1,000. Plaintiff must show that he is entitled to his money

back before he would be entitled to judgment, and the matters set up in the petition are the matters he must prove as a basis for recovery of the money. The legality of the bid can be determined at law, as well as in equity. It seems to us that, in asking judgment for the $1,000, he states a case at law, even though he might be entitled to auxiliary relief in the law action. We think the trial court properly sustained the motion to transfer, and the order is—*Affirmed.*

LADD, C. J., EVANS and SALINGER, JJ., concur.