Adolph J. Pisny et al., Appellees, v. Chicago & Northwestern Railway Company, Appellant.

September 28, 1928.

Rehearing Denied January 23, 1929.

*Grimm, Wheeler, Elliott & Shuttleworth* and *Davis, McLaughlin & Hise,* for appellant.

*J. C. Leonard* and *George C. Claassen,* for appellees.

Wagner, J.—The plaintiffs in their petition allege, in substance, that they are the owners of 82½ acres of land in Bertram Township, Linn County; that in said township there is a large creek, known as Indian Creek, flowing from a northerly direction, and emptying into Cedar River; that the defendant's track crosses said creek in said township, and that the roadbed of the defendant company is situated in a southwesterly and northeasterly direction, beginning with said Indian Creek, a distance of several miles southwestward; that a portion of plaintiffs' land lies on each side of defendant's roadbed; that there is a natural drainage of several hundred acres of land northerly and

westerly from said right of way in the direction of the same; that the waters, up to the time of the wrongful acts of defendant complained of, gathered along the northerly and westerly side of defendant's right of way between Indian Creek and plaintiffs' land, which was situated on the northerly and westerly side of said right of way, and accumulated in a large pond, and that the surplus from said pond from time to time discharged itself through a water channel along the northerly and westerly side of defendant's right of way in a northeasterly direction to a point where it emptied into said Indian Creek; that, about the month of September, 1921, the defendant company wrongfully and negligently dug a passageway and erected a culvert under its track and through its roadbed from the northerly and westerly side of its right of way to the southerly and easterly side thereof, at a point where the waters accumulated on the northerly and westerly side thereof in said pond; that said culvert and opening were so constructed as to discharge the waters collected in said pond from the drainage district and watershed which had theretofore been discharged along the northerly and westerly side of its right of way into said Indian Creek, across and under its right of way to the southerly and easterly side thereof; that, by reason of the erection of the culvert and maintenance of the opening, a great volume of water which accumulated in the pond aforesaid was diverted from its usual course and conducted through said culvert and opening, and poured onto the land of plaintiffs which adjoins the right of way on the southerly and easterly side thereof; that the plaintiffs suffered damage to crops for the years 1922 to 1925, inclusive, in the aggregate amount of $1,456.87; that, unless the defendant is restrained from longer permitting said water so collected on the northerly and westerly side of its right of way to be conducted through said opening, or any other opening in said vicinity in its right of way, over to the southerly and easterly side thereof, the plaintiffs' land and crops thereon will, from time to time, intermittently and periodically, be damaged; and the plaintiffs pray for judgment against the defendant company in the sum of $1,456.87, with interest, and that an injunction be issued, restraining and enjoining it from maintaining its said culvert and opening under its right of way, or any other opening through its right of way in the vicinity where the water is col-

lected from the watershed on the northerly and westerly side of its right of way, or in any way permitting any of said water to be conducted to the southerly and easterly side of its right of way; and that it be restrained and prevented from further flooding the plaintiffs' said land.

The defendant company answered the aforesaid petition by general and specific denials. Thereafter, the defendant company filed a motion, alleging therein that plaintiffs' petition states an action at law for damages, and also an action in equity for injunction, and asking the court for an order requiring separate trial to the court of the so-called equitable issues. This motion was by the court overruled, and from this ruling the defendant company appeals.

The plaintiffs' petition is denominated "at law." They ask no general equitable relief; they merely ask for damages and injunctive relief, as aforesaid.

While it is in no way raised by the respective parties, the question naturally arises whether the order of the trial court in overruling defendant's motion to transfer the so-called equitable issues to the equity side of the calendar is such an order as that an appeal may properly be taken therefrom. We have so held. See *Price v. Aetna Ins. Co.*, 80 Iowa 408, where we held that a ruling by the trial court sustaining or overruling a motion to have certain issues in an action at law transferred for trial in equity on the ground that they are equitable issues is an order affecting the substantial rights of the parties, from which an appeal will lie. Also, see *In re Bradley*, 108 Iowa 476, and *In re Estate of Watters*, 201 Iowa 884.

It is the defendant's contention that the asking by the plaintiffs in their petition of injunctive relief raises an equitable issue, and it relies for alleged error on the part of the trial court in overruling the aforesaid motion upon Section 10947 of the Code of 1924, which provides:

"Where the action has been properly commenced by ordinary proceedings, either party shall have the right, by motion, to have any issue heretofore exclusively cognizable in equity tried in the manner hereinafter prescribed in cases of equitable proceedings; and if all the issues were such, though none were exclusively so, the defendant shall be entitled to have them all tried as in cases of equitable proceedings."

The plaintiffs contend that the provisions of the aforesaid section of the Code are not applicable to the instant case. Their contention is that the case is governed by Sections 12513 and 12514 of the Code, which are as follows:

"12513. In all cases of breach of contract or other injury, where the party injured is entitled to maintain and has brought an action by ordinary proceedings, he may, in the same cause, pray and have a writ of injunction against the repetition or continuance of such breach of contract or other injury, or the commission of any breach of contract or injury of a like kind arising out of the same contract or relating to the same property or right, and he may also, in the same action, include a claim for damages or other redress."

"12514. In any of the cases mentioned in the two preceding sections the injunction may either be a part of the judgment rendered in the action, or it may, if proper grounds therefor are shown, be granted by order at any stage of the case before judgment, and shall then be known as a temporary injunction."

It is plaintiffs' contention that the allegations of their petition at law and the prayer asking for injunctive relief raise no equitable issues at all, but ask only for such relief as, under the provisions of the foregoing statutes, a court of law is authorized and empowered to grant. It will be observed that the plaintiffs' petition contains no allegations such as that the plaintiffs have no plain, speedy, or adequate remedy at law; that, unless the relief is granted, the plaintiffs will sustain irreparable injury; or that the defendant is insolvent. It is true that, under Section 12512 of the Code, an injunction may be obtained as an independent remedy in an action by equitable proceedings; but, under Section 12513 of the Code, hereinbefore quoted, the plaintiffs may have, in an action by ordinary proceedings, auxiliary relief by way of injunction *against the repetition* or continuance of the injury. Therefore, if the substance and effect of what the plaintiffs are asking by way of injunctive relief come within the provisions of Section 12513 of the Code, and the plaintiffs would be entitled to no relief in equity on the averments of their petition, then the action of the trial court in overruling defendant's motion to transfer to the equity side of the calendar the so-called equitable issues is clearly right.

With reference to nuisances, a civil action by ordinary proceedings may be brought, to enjoin and abate the nuisance and to recover damages sustained on account thereof. Section 12395 of the Code. This section is akin to Section 12513, hereinbefore quoted. These sections give courts of law power to grant injunctions in the cases to which they are applicable. We have held that for the injunction of a nuisance the plaintiff may have said remedy either in an action in equity or at law. In *Bushnell v. Robeson & Co.*, 62 Iowa 540, we said:

"The several statutes must be construed together, and, this being done, there has been added to the legal remedy, which has existed for more than a hundred years, the provision that an injunction might issue, and thus make the legal remedy more effectual. A plaintiff may pursue either."

In *Gribben v. Hansen*, 69 Iowa 255, we held that an action for the abatement or injunction of a nuisance could be maintained either in equity or at law. In *Miller v. Keokuk & Des Moines R. Co.*, 63 Iowa 680, a nuisance case, we held that, under Section 3331 of the Code of 1873 (now Section 12395, Code of 1927), an action was properly maintainable at law for damages caused by the nuisance, and to enjoin the same. We so held in *Platt & Speith v. Chicago, B. & Q. R. Co.*, 74 Iowa 127. It thus becomes apparent that, in nuisance cases under Section 12395 of the Code, injunction may be granted as a part of the relief in an action at law.

What has been the construction placed by this court upon Section 12513 of the Code, hereinbefore quoted? Said statute, with slight immaterial changes in verbiage, has been the statutory law of this state for many years. In *Hall v. Crouse*, 14 Iowa 487, an action for damages for trespassing upon timberland, and praying in connection therewith an injunction to restrain the defendant from further trespassing, the court, in passing upon this question, after quoting the statute, said:

"In this case, the plaintiff brings his action by ordinary proceedings, and he states in his petition facts which, if true, entitle him to maintain the same, and prays to have his injunction against a repetition of the trespass complained of, not because his injury is irreparable, or the defendants are insolvent, but because of the particular case made in his petition, which

he claims brings him within the scope and purview of the right and protection granted to him in the foregoing and subsequent sections of the chapter referred to. In this general construction of this statute we are inclined to concur, supposing that the intention thereof was simply to enlarge the powers of a court, so that, where legal rights alone are involved in controversy, it might not only grant the redress sought for, but guard their rights by injunction against a continued commission of the same wrongs by the same parties.''

In *Mills v. Hamilton*, 49 Iowa 105, the court said:

''It cannot be doubted that, admitting the allegations of the petition to be true, the plaintiff is entitled to maintain an action by ordinary proceedings for damages. Under this section he may, in aid of such action, have an injunction, without, as we think, alleging that he will sustain irreparable injury, or that the defendant is insolvent.''

In *Richmond v. Dubuque & S. C. R. Co.*, 33 Iowa 422, 476, this court made the following pronouncement:

''The object and effect of these sections are to confer upon the courts of law, in proper cases, power to prohibit the repetition of breaches of contracts, or other injuries which are the foundations of actions pending therein. It cannot be claimed that they confer general or special chancery jurisdiction. They simply provide a new remedy before exclusively exercised by equity courts, namely, the prohibition of certain acts which are the foundation of legal actions. Neither do these provisions extend the power of the law courts to adopt other remedies than those therein expressly mentioned. The sum of the power conferred is to prohibit the continuance or repetition of the injuries contemplated therein. This is exercised in a law action upon proper petition filed in the cause.''

In *Tony Amodeo Co. v. Town of Woodward*, 187 Iowa 569, plaintiff brought its action in equity, and the defendant moved to transfer the cause to the law side of the calendar. The motion was sustained, and the action of the trial court was upheld by us, we saying therein:

''It seems to us that, in asking judgment for the $1,000, he

states a case at law, even though he might be entitled to auxiliary relief in the law action. We think the trial court properly sustained the motion * * * ."

It is thus apparent that, under the provisions of Section 12513 of the Code, this court has consistently held that, in an ordinary action at law for damages, the plaintiff may also, in the same action at law, be entitled to injunctive relief as an auxiliary remedy to prevent the repetition or continuance of the injury, and without averment in the petition of insolvency of the defendant, irreparable injury, or that the plaintiff has no plain, speedy, and adequate remedy at law, which averments are the usual ones in an action in equity where an injunction is asked as an independent remedy, under Section 12512 of the Code. Plaintiffs' action is planted on the provisions of Section 12513 of the Code. The sum and substance of the injunctive relief asked is by way of auxiliary remedy to prevent the repetition or continuance of the injury. On the averments of the petition, the plaintiffs are entitled to no relief in equity.

Since we find no error on the part of the trial court, its action in overruling the motion asking for separate trial to the court of the so-called equitable issues is—*Affirmed.*

STEVENS, C. J., and EVANS, DE GRAFF, and MORLING, JJ., concur.